UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELEANOR BELCHER, | ) | CASE NO. 1:20CV2030 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 20) to the Magistrate Judge's Report and Recommendation (Doc. 19), which recommended the Court affirm the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits ("DIB"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

**I. BACKGROUND FACTS**

The following is a procedural synopsis of Plaintiff's claim. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

Plaintiff filed a claim for DIB on September 21, 2017, alleging a disability onset date of November 17, 2016. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on November 5, 2019. Both Plaintiff and a neutral vocational expert testified at the hearing. On December 3, 2019, the ALJ concluded

that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On September 10, 2020, Plaintiff timely filed her Complaint challenging the Commissioner's final decision before this Court. (Doc. 1). On January 19, 2022, the Magistrate Judge issued his Report and Recommendation. (Doc. 19). On February 2, 2022, Plaintiff timely objected to the Report and Recommendation. (Doc. 20). Defendant filed a brief Response shortly thereafter. (Doc. 21).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supported the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the

district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

**B.     The ALJ Applied the Proper Legal Standard to Plaintiff's Claim**

Plaintiff's main objection concerns the ALJ's treatment of Nurse Cadmus's 2019 medical opinion. The Magistrate Judge determined that the ALJ applied the proper legal standard and supported his decision with substantial evidence. For the first part of her Objection, Plaintiff claims the ALJ failed to apply the proper legal standard because the ALJ did not look at every factor of persuasiveness.

Plaintiff's legal challenge has no merit. Since Plaintiff filed her claim after March 27, 2017, all parties agree that 20 C.F.R. § 404.1520c governs the ALJ's review process. Under § 404.1520c, ALJs do not afford controlling or evidentiary weight to specific medical sources. 20 C.F.R. § 404.1520c(a). Instead, an ALJ is required to analyze each medical source's opinion using certain factors, the most important being supportability and consistency. *Id.* Other factors include the provider's relationship with the claimant, specialization and other factors that tend to support or contradict a certain opinion. *Id.* at § 404.1520c(c)(3)-(5).

Additionally, § 404.1520c requires an ALJ to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* at § 404.1520c(b)(2). Plaintiff admits that the ALJ here did that with Nurse Cadmus's opinions. The Magistrate Judge recommended the same. And the Court agrees.

What Plaintiff takes issue with is that the ALJ did not discuss the other factors of the analysis, specifically Nurse Cadmus's relationship with Plaintiff. In making this argument however, Plaintiff seeks to impose a legal requirement on the ALJ that the law does not impose. Rather, § 404.1520c says that ALJs "may, *but are not required to*, explain how [they] considered the factors in paragraphs (c)(3) through (c)(5) of this section…when [they] articulate how [they] consider medical opinions[.]" *Id.* at § 404.1520c(b)(2) (emphasis added). Accordingly, even though the ALJ did not specifically discuss Nurse Cadmus's relationship with Plaintiff as a factor in his analysis, he had no legal obligation to do so in his review.

Finally, while not directly challenged by Plaintiff besides an aside,[1] the Court also agrees with the Magistrate Judge that the ALJ supported his treatment of Nurse Cadmus's opinion with substantial evidence.

Therefore, Plaintiff's challenge to the ALJ's treatment of Nurse Cadmus's opinions fails.

---

[1] In introducing her legal argument, Plaintiff makes the following statement: "Notably, [Plaintiff] does not merely disagree with the ALJ's weighing of the medical evidence and medical source opinions. Rather, the ALJ is bound by Commissioner's own rules and regulations in addition to the interpretative case law, and the ALJ's findings must be reversed when the ALJ fails to follow any of this legal authority." (Doc. 20, PageID: 1002-03). Plaintiff then discusses the proper legal standard without again challenging whether the ALJ supported his treatment of Nurse Cadmus's opinion with substantial evidence.

## C.        The ALJ's Decision is Supported by Substantial Evidence

Likewise, Plaintiff's remaining challenges fail. The Magistrate Judge found that the ALJ supported his decision with substantial evidence. Plaintiff disagreed and highlighted the ALJ's treatment of i) Plaintiff's desire to work; and ii) Plaintiff's daily living activities. In Response, Defendant argues Plaintiff waived both challenges and, even if she did not, the challenges fail on their merits.

Both of Plaintiff's challenges fail on their merits. Regarding Plaintiff's desire to work, it is clear from the ALJ's thorough opinion that this desire was not the only reason he provided in denying Plaintiff's claim. The ALJ provided other substantial evidence to support his decision, including Plaintiff's history of work despite her mental conditions; the twenty-four hour care she provided for her father; and the opinions of other medical sources. Moreover, Plaintiff admits that the ALJ could consider Plaintiff's statements about work. Thus, whether the ALJ placed too much weight on these statements is asking the Court to reweigh the evidence. And the Court will not engage in such an analysis.

The same thing goes for Plaintiff's daily activities. Yes, ALJs may place too much emphasis on daily activities as compared to work activities, which can present an issue for judicial review. But unlike the cases Plaintiff cites, Plaintiff does not contextualize her daily activities to show that the ALJ erred. Compare *Rogers v. Comm'r of Soc. Security* to this case. In *Rogers*, the Sixth Circuit highlighted how the ALJ mischaracterized the scope of the claimant's daily activities and "the physical effects coextensive with their performance." *Rogers*, 486 F.3d at 248-49. Here, Plaintiff does not present a similar argument for the Court to consider. Instead, she simply

- 5 -

concludes that there is a difference between daily living activities and work activities. This summary conclusion is not enough for the Court to overturn the ALJ's decision, especially a decision that is supported by substantial evidence. Accordingly, the Court must affirm the Commissioner's decision.

Ultimately then, a reasonable mind might accept the evidence the ALJ relied on as adequate to support the ALJ's decision. And even if there existed substantial evidence in Plaintiff's favor as she claims, the Court must defer to the ALJ's well-supported decision. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

### III. CONCLUSION

A reading of the ALJ's decision reflects a legally sound and factually supported approach to Plaintiff's claim. Accordingly, the Court overrules Plaintiff's Objections; **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 19); and **AFFIRMS** the Commissioner's denial of Plaintiff's claim.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: March 21, 2022**